**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 19, 2016
Date Decided: May 20, 2016

Martin S. Lessner, Esquire
Richard J. Thomas, Esquire
Young Conaway Stargatt & Taylor, LLP
One Rodney Square
1000 North King Street
Wilmington, DE 19801

Daniel A. Dreisbach, Esquire
Richard P. Rollo, Esquire
J. Scott Pritchard, Esquire
Andrew J. Peach, Esquire
John F. Mezzanotte, Jr., Esquire
Richards Layton & Finger, P.A.
One Rodney Squire
920 King Street
Wilmington, DE 19801

Re: *Edwards v. Edwards*, Civil Action No. 12066-VCG

Dear Counsel:

I have reviewed your letters submitted on May 19, 2016 regarding the scope

of issues to be tried during the trial commencing June 20, 2016 scheduled in this

matter.[1] The Plaintiffs contend that two issues related to Count I of their Verified

Complaint should be decided at that trial.[2] As described by the Plaintiffs, those

issues are:

> **Issue No. 1**: Does the Stockholders Agreement provide that the price
> to exercise the Option is the purchase price of a *bona fide*, third party

---

[1] This case is being coordinated and heard in connection with *Dunn-Edwards v. Edwards*, C.A. No. 12135-VCG, pursuant to Court of Chancery Rule 42.

[2] Count I seeks a declaratory judgment that no "Option" (as defined in Plaintiffs' Verified Complaint) held by the Defendants has been triggered. The Plaintiffs have represented, and the Defendants agree, that it is not necessary to resolve Count II of Plaintiffs' Verified Complaint at the June trial.

purchaser . . . (assuming *arguendo* the Option still exists), or is it some lower formula price as Peter consistently has maintained? . . .

**Issue No. 2**: Have the statements or conduct of [Plaintiffs] or anyone at the Company breached the Stockholders Agreement (or induced such a breach)? [3]

The Defendants contend that they have mooted all of Count I by conceding via letter of May 12, 2016 that the Option has not been triggered by any "act, event, or occurrence" to date. [4] I agree.

During oral argument on Defendants' Motion to Dismiss, held on May 10, 2016, I specified which issues will go forward to trial in June, on an expedited basis, as follows:

> This is really about Count I and what should go forward at the hearing. It seems to me that with respect to the question of whether an option has already been triggered by what happened with the potential acquirer is something that needs to be determined in June. We need to get that teed up to get it determined. . . . If there are other parts involving declaratory judgments about potential things that could happen, those can wait. I will defer ruling on a motion to dismiss until we come to that portion of the action. I am not sure at this point, and I don't know that it makes any sense for me to spend judicial resources trying to figure out what the outer limits of the declaratory judgment which can legitimately be sought are because we're not going to hear that at this hearing. . . . I am only going to hear this narrow [issue]—the effect of past behavior on current ownership at this upcoming hearing. [5]

---

[3] Letter from Pls' Counsel, at 6–7, *Edwards v. Edwards*, C.A. No. 12066-VCG (Del. Ch. May 19, 2016), Trans. ID 59030450.

[4] Letter from Defs' Counsel, at 2, *Edwards v. Edwards*, C.A. No. 12066-VCG (Del. Ch. May 12, 2016), Trans. ID 59001684.

[5] May 10, 2016 Oral Argument Tr. 44–46.

I made clear that I will not hear any issues relating to any "*potential*" future trigger of the Option at the June trial. In light of Defendants' May 12 letter conceding that "the Option . . . ***has not*** be[en] triggered by any act, event, or occurrence to date," the Defendants are judicially estopped from contending otherwise, and the issue of past action triggering the Option is moot. Resolution of Issues 1 and 2 as described by the Plaintiffs, therefore, necessarily concerns a hypothetical *future* trigger of the Option. I have already ruled that I will not hear these issues at the June trial. Should I determine at trial that the Section 251(g) merger was valid, and that the Stockholders Agreement is therefore void, the issues raised here by Plaintiffs will be moot; if not moot, these issues can be addressed at a later date. In this regard, the Plaintiffs may wish to consider an amendment to their Verified Complaint, as discussed at the hearing on May 10.

I note also that, to the extent the Plaintiffs seek reargument of the May 10 ruling, such a motion is untimely under Court of Chancery Rule 59(f).[6]

IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[6] Del. Ct. Ch. R. 59(f) ("A motion for reargument . . . may be served and filed within 5 days after the filing of the Court's opinion or the receipt of the Court's decision.").